Case 2:15-cv-00629-JRG   Document 1   Filed 05/05/15   Page 1 of 10 PageID #:  1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | | |
|---|---|---|
| **DEVARIOUS CRAIG, IN HIS INDIVIDUAL CAPACITY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | § § § § § | |
| *Plaintiff*, | § § | Civil Action No. 2:15-CV-629 |
| v. | § § | **JURY TRIAL DEMANDED** |
| **EMMANUEL PACQUIAO, TOP RANK INC., MICHAEL KONCZ, ROBERT ARUM, AND TODD DUBOEF,** | § § § § § | |
| *Defendants*. | § | |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Devarious Craig, in his individual capacity, and on behalf of all others similarly situated, files this Class Action Complaint, and in support thereof, would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff, Devarious Craig, is an individual residing in Harrison County, Texas, a citizen of the State of Texas, and a purchaser the pay-per-view showing of the Mayweather-Pacquiao fight held May 2, 2015 (the "Event"). Plaintiff is a representative plaintiff of all proposed class members in Texas who purchased a pay-per-view showing of the Event.

2. Upon information and belief, Top Rank, Inc., ("TPI") is a Nevada corporation engaged in the business of producing, promoting, and selling tickets to fighting events. Its principal place of business is located 748 Pilot Rd., Las Vegas, Nevada  89119-4416.

3. Upon information and belief, Defendant Robert Arum is the Treasurer and Director of TPI and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao, prior to Plaintiff's purchase. Defendant Arum is a resident of Clark County, Nevada.

4. Upon information and belief, Defendant Todd DuBoef is the President of TPI and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao prior to Plaintiff's purchase. Defendant DuBoef is a resident of Clark County, Nevada.

5. Upon information and belief, Defendant Michael Koncz is the advisor of Defendant Pacquiao and was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao prior to Plaintiff's purchase. It is believed Defendant Koncz resides in the Philippines and/or in California.

6. Upon information and belief, Defendant Emmanuel Pacquiao was responsible for actions and decisions that led to the failure of the Defendants to disclose the injuries to Defendant Pacquiao prior to Plaintiff's purchase. It is believed Defendant Pacquiao resides in the Philippines.

## II.   JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as the proposed class contains more than 100 members, at least one of whom maintains citizenship in a state diverse from the defendants, and seeks in the aggregate more than Five Millions Dollars ($5,000,000), exclusive of costs and interest.

8. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1319(b)(2) as the district in which a substantial part of the events or omissions giving rise to the claim occurred. Specifically, the Event was promoted in the Eastern District of Texas, tickets to the Event were offered for sale and sold in the Eastern District of Texas, and pay-per-view showing of the Event was offered for sale and purchased in the Eastern District of Texas.

### III. FACTUAL BACKGROUND

9. This is an action for damages relating to the Defendants' failure to disclose the injuries suffered by Pacquiao prior to the fight between Pacquiao and Floyd Mayweather held May 2, 2015 (the "Injury").

10. Upon information and belief, Top Rank Inc. was one the promoters of the Event and failed to disclose the Injury to the Nevada Athletic Commission ("NAC") prior to the fight.

11. Upon information and belief, the Defendants did not disclose the Injury until Saturday night shortly before the Event was to begin, and never disclosed the injury to Plaintiff or the class Plaintiff represents prior to their purchase of the pay-per-view showing of the Event.

12. Upon information and belief, Defendants further failed to truthfully answer or disclose the information as required on the Nevada Athletic Commission disclosure form that was filled out by Pacquiao and others including Defendant Michael Koncz.

13. Upon information and belief, Pacquiao and others assisting him checked "No" on the NAC questionnaire which asked if Pacquiao had a shoulder injury.

14. Upon information and belief, the aforesaid acts constitute a violation of Texas law.

15. This action seeks damages and compensation to Plaintiff and all potential class members from the Defendants, interest, disgorgement, costs of suit, treble damages, punitive damages, attorney fees and any other damages deemed just and proper by the Court.

16. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons in Texas who purchased the pay-per-view showing of the Event. Excluded from the class are counsel representing the class and all persons employed by said counsel, governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individuals whose interest are antagonistic to other class members.

## IV.   CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action on behalf of themselves, individually, and all others similarly situated. Specifically, the class Plaintiffs seek to represent includes:

> all persons in Texas who paid for a pay-per-view showing of the Event.

The proposed class, by definition, specifically excludes counsel for the parties, the presiding Judge for the United States District Court and his staff, the Justices of the United States Court of Appeals for the Fifth Circuit and staff, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

18. Class certification is appropriate under Rule 23(a)(1) because individual joinder of the members of the proposed class is patently impractical. Fed. R. Civ. P. 23(a)(1). Although the exact number of individuals in the class is not presently know, Plaintiff intends to determine the number of potential individuals included in the class through discovery. On information and

belief, the class consists of tens of thousands if not hundreds of thousands of individuals in Texas. For these reasons, individual joinder is patently impractical.

19. Class certification is appropriate under Rule 23(a)(2) because there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. Fed. R. Civ. P. 23(a)(2). These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to, the following:

  a. Whether Defendants' failed to disclose material information regarding Pacquiao's injury prior to the Event;

  b. Whether Defendants were unjustly enriched by their acts and omissions at the expense of Plaintiff and the class members;

  c. Whether Plaintiff and the class members were damaged by Defendants' failure to disclose information regarding Pacquiao's injury prior to the Event;

  d. The type, extent, and measure of damage Plaintiff and the class members suffered from Defendants' failure to disclose information regarding Pacquiao's injury prior to the Event; and

  e. Whether Plaintiff and the class members are entitled to treble damages under the Texas Deceptive Trade Practices Act.

20. Class certification is appropriate because Plaintiffs' claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Plaintiff possesses the same interests and has suffered the same injuries as the unnamed class members. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members. In particular, Plaintiff purchased a pay-per-view showing of the Event.

21. Plaintiff will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a)(4). Plaintiff has retained competent counsel with substantial experience in prosecuting complex lawsuits and class action litigation. Plaintiff and his counsel are committed to prosecuting this lawsuit vigorously on behalf of the entire class and have the financial resources to do so. Plaintiff and his counsel have no interests adverse to the proposed class.

22. This case is maintainable as a class action because issues of fact and law common to the class predominate over those affecting only individual members of the class. Fed. R. Civ. P. 23(b)(3). The common issues of law and fact include, but are not limited to, the following:

    a. Whether Defendants' failed to disclose material information regarding Pacquiao's injury prior to the Event;

    b. Whether Defendants were unjustly enriched by their acts and omissions at the expense of Plaintiff and the class members;

    c. Whether Plaintiff and the class members were damaged by Defendants' failure to disclose information regarding Pacquiao's injury prior to the Event;

    d. The type, extent, and measure of damage Plaintiff and the class members suffered from Defendants' failure to disclose information regarding Pacquiao's injury prior to the Event; and

    e. Whether Plaintiff and the class members are entitled to treble damages under the Texas Deceptive Trade Practices Act.

23. The damages suffered by Plaintiff and the class members will likely be relatively small. Given the expense of litigation and the likely size of recovery, it would be virtually impossible for Plaintiff or the class members to obtain effective relief from Defendants' misconduct on an individual basis. By contrast, a class action will allows the Court to conserve resources of the Court and the parties while allowing Plaintiff and the class members to effectively pursue their claims.

## V.     CAUSES OF ACTION

### A.     Texas Deceptive Trade Practices Act.

24.    Plaintiff is a consumer under the Texas Deceptive Trade Practices Act ("TDTPA") because Plaintiff is an individual who sought and/or acquired goods and/or services by purchase.  Defendants are individuals, or entities that can be sued under the TDTPA.

25.    Defendants violated the TDTPA when Defendants engaged in false, misleading, or deceptive acts or practices that Plaintiff relied on to Plaintiff's detriment.  Specifically, Defendants represented that Pacquiao was not injured and/or failed to disclose that Pacquiao was injured and the extent of Pacquiao's injury.

26.    Defendants' wrongful conduct was a producing cause of Plaintiff's injury, which resulted in a decrease in value of the pay-per-view showing of the Event.

27.    Defendants acted knowingly and/or intentionally, which entitles Plaintiff to recover mental-anguish damages and/or treble damages under the Texas Business & Commerce Code.  Plaintiff is also entitled to recover reasonable and necessary attorney fees for prosecuting this suit under the Texas Business & Commerce Code.

### B.     Fraud by Non-Disclosure.

28.    Defendants concealed and/or failed to disclose material facts related to Plaintiff's purchase of a pay-per-view showing of the Event.  Specifically, Defendants failed to disclose that Pacquiao was injured and the extent of Pacquiao's injury.

29.    Defendants had a duty to disclose the Injury to Plaintiff because Defendants disclosed other information to Plaintiff indicating that Pacquiao did not have an injury, which created a substantially false impression.

30. The information Defendants failed to disclose regarding Pacquiao's injury was material because it would have changed the value of the tickets for the Event and/or the value of the pay-per-view showing of the Event.

31. Defendants knew Plaintiff was ignorant of the information and did not have an equal opportunity to discover the truth because only Defendants had access to information regarding Pacquiao's injury. Yet, Defendants deliberately remained silent and did not disclose the information to Plaintiff. By deliberately remaining silent, Defendants intended for Plaintiff to act without the information.

32. Plaintiff justifiably relied on Defendants' deliberate silence because Defendants had disclosed other information indicating that there was no injury and Plaintiff had a reasonable belief that Defendants would have disclosed the Injury if it existed.

33. By deliberately remaining silent, Defendants proximately caused injury to Plaintiff, which resulted in Plaintiff's damages as described in this Complaint.

**C.  Common-Law Fraud.**

34. Defendants represented to Plaintiff and others that Pacquiao was not injured.

35. Defendants' representation to Plaintiff was material because Plaintiff relied on Pacquiao's health directly impacted the quality of the Event, the value of tickets for the Event, and the value of pay-per-view showings of the Event.

36. Defendants' representation that Pacquiao was not injured was a false statement of fact because on information and belief, Pacquiao was, in fact, injured prior to the Event.

37. Defendants were aware at the time they made the representations regarding Pacquiao's health and injury that the representations were false.

38. Defendants intended for Plaintiff to rely on and/or had reason to expect Plaintiff would act in reliance on the false representation of Pacquiao's health and injury in deciding whether to purchase a pay-per-view showing of the Event.

39. Plaintiff justifiably relied on Defendants' false representation when he purchased a pay-per-view showing of the Event

40. Defendants' false representations directly and proximately caused injury to Plaintiff, decreasing the value of the pay-per-view showing of the Event.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, individually and on behalf of all those similarly situated, respectfully requests that this Court:

a. Certify a class and appoint Devarious Craig and his Counsel to represent the interest of the class;

b. Award all relief available under the Texas Deceptive Trade Practices Act and other Texas laws;

c. Award compensatory damages;

d. Award treble damages and attorneys' fees;

e. Award pre-judgment and/or post-judgment interest as provided by law;

f. Order that all costs of Court and the expenses of maintaining this suit (including class member notification expenses) be taxed against Defendant; and

g. Order that all other relief to which Devarious Craig and each unnamed member of the class may be justly entitled in law or in equity.

Respectfully submitted,

_____
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Anthony K. Bruster, Of Counsel
Texas State Bar No. 24036280
akb@emafirm.com

Shawn A. Latchford
Texas State Bar No. 24066603
sal@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

***Counsel for Plaintiff***
***Devarious Craig***